IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN PICKETT,
    Plaintiff,

vs.                                    Case No. 5:08cv295/SPM/EMT

C. GREEN, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on September 14, 2008 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 7).

    Plaintiff names the following Defendants in this action: C. Green, an employee of the Central Office of the Florida Department of Corrections, Warden Florez at Jackson Correctional Institution (Jackson C.I.), Assistant Wardens Kent and Lundrum, and employees of Aramark Food Service (Doc. 2 at 1). Plaintiff alleges that on August 31, 2007, while working in the kitchen at Jackson C.I., he discovered four "swill buckets" used to soak unclean utensils from the previous evening's meal (*id.* at 7). Plaintiff informed a correctional officer of the unsanitary condition (*id.*). Shortly thereafter, employees of Aramark had a secret meeting without inmates present (*id.*). Later, inmates found "swill" in the mixing bowls and bread tubs currently being used to prepare inmates' meals (*id.*). The inmates were ordered to clean the utensils until all of them were disinfected from the greasy food odor that remained (*id.*). Plaintiff claims that this unsanitary condition constituted cruel and unusual punishment and caused him mental anguish (*id.* at 8). As relief, he seeks damages in the amount of $500,000.00 from each Defendant and an order removing Defendants from Jackson C.I. (*id.*).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice of three cases previously filed by Plaintiff in this District, which have been previously dismissed by the court as frivolous, malicious, or for failing to state a claim upon which relief may be granted: Pickett v. Yu, et al., Case No. 3:06cv457/MCR (N.D. Fla. Dec. 13, 2006) (dismissed for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); Pickett v. Aramark et al., Case No. 5:08cv111/RS (N.D. Fla. June 27, 2008) (dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); and Pickett v. Green, et al., Case No. 5:08cv113/RS (N.D. Fla. Aug. 14, 2008) (dismissed for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). Additionally, the court takes judicial notice of one case previously filed by Plaintiff in the Middle District, which was previously dismissed by the court for failure to state a claim, Pickett v. ESMA Correctional Care/PHS, et al., Case No. 2:01cv403/FTM (M.D. Fla. July 27, 2001)[1]

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement. Furthermore, his four prior cases, identified *supra*, qualify as "strikes" under § 1915(g). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations

---

[1] The prisoner number of the plaintiff in each of these cases, #085354, is the same as Plaintiff's.

of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. Even if Defendants' alleged failure to maintain sanitary conditions in the institutional kitchen over one year ago may have created a risk to Plaintiff's health, Plaintiff does not allege facts showing a risk of serious physical injury. Furthermore, Plaintiff does not allege that the unsanitary conditions of which he complains still exist and pose an ongoing risk of imminent serious injury. Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and

failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 7) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 7th day of November 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**